UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT POWERS SEITZ JR.**

                **Plaintiff,**

vs.

**REALPAGE, INC.,**

                **Defendant.**

Case No.:

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ROBERT POWERS SEITZ JR. (hereafter as "Plaintiff") hereby files his Complaint against Defendant, REALPAGE, INC., (hereafter "Defendant"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq*.) and Texas Business and Commerce Code ("Bus & Com") Section 20.05(a)(4) to redress an erroneous background check report issued by Defendant causing Plaintiff to be denied housing.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 USC §1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. Venue is proper in this District pursuant to 28 USC §1391(b) because Defendant's principle place of business is in this District.

## THE PARTIES

4. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of Marion County, Indiana.

5. Defendant is a Texas corporation with the principal place of business at 2201 Lakeside Blvd, Richardson, TX 75082.

6. Defendant RealPage is a consumer reporting agency, within the meaning of 15 USC §1681a(f).

## FACTUAL ALLEGATIONS

7. Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history, and criminal history

8. On or about May 22, 2020, Plaintiff submitted a residential rental application.

9. In connection with Plaintiff's housing application, Defendant furnished a consumer report on Plaintiff.

10. Defendant disclosed criminal history from April 11, 2001 which directly violates Texas Business and Commerce Code ("Bus & Com") Section 20.05(a)(4)'s prohibition on disclosure of obsolete criminal records that antedate the date of the report by more than 7-years.

11. Moreover, the disclosure was also erroneous in that it was incorrectly disclosed as a felony when in fact, it was a misdemeanor.

12. A cursory review of the County of Cook Court records prior to disclosure would have alerted Defendant of the final status of the charge.

13. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that consumer reports are updated.

14. As a direct result of Defendant's lack of adequate procedures and failure to verify public records, Plaintiff was denied housing.

15. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq*.) §1681e(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Disclosing an incorrect charge is a clear violation of this statute.

16. In addition, when disclosing criminal records for housing purposes, a consumer reporting agency is further required to use ***strict procedures*** to ensure that the reported information is complete and up to date.

17. The consumer report which fails to disclose the amended misdemeanor charge is not complete and not up-to-date.

18. The only time Defendant conducted any such verification is ***after*** a consumer dispute and the apartment is already lost.

19. When Plaintiff requested a copy of the original report from Defendant, Defendant disclosed only the updated and accurate report to Plaintiff and suppressed the original inaccurate report.

20. It took Plaintiff months and repeated requests by his representative to receive a copy of the original inaccurate report.

21. Pursuant to 15 U.S.C. §1681g, Defendant was required to provide all information it currently possessed on the consumer upon written request.

22. Plaintiff believes this to be an attempt to avoid meritorious litigation regarding Defendant's defective screening practices.

23. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

### Count I: Violation of 15 USC §1681e(b) as to Defendant RealPage, Inc.

24. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.
25. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.
26. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information would be insufficient to ensure maximum possible accuracy of the criminal history information reported.
27. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### Count II: Violation of 15 USC §1681g as to Defendant RealPage, Inc.

28. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.
29. Defendant willfully and/or recklessly violated the above referenced sections of the FCRA by producing the updated consumer report instead of the original consumer report and failing to provide Plaintiff with his full file.
30. Defendant's conduct was willful and/or reckless because it knew that its production of the original consumer report would result in meritorious litigation.
31. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court:

　　a.　For a declaration that Defendants' practices violate FCRA;

    b. For statutory, compensatory, special, general, and punitive damages according to proof as applicable against all Defendants;

    c. For interest upon such damages as permitted by law;

    d. For an aware of reasonable attorneys' fees provided by law under all applicable statutes;

    e. For the costs of the lawsuit

    f. For injunctive relief as applicable; and,

    g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED: May 19, 2022

Devin H. Fok, Esq.
California Bar Number: 256599
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
T: (888) 651-6411
F: (818) 484-2023
devin@devinfoklaw.com

*Counsel for Plaintiff*


James Crewse, Esq.
Texas Bar Card Number: 24045722

**Crewse Law Firm, PLLC**
5546 Goodwin Ave.
Dallas, Texas 75206
T: (214) 394-2856
F: (253) 252-8776
jcrewse@crewselawfirm.com

*Local Counsel for Plaintiff*